WhitakeR, Judge,
delivered the opinion of the court:
Prior to World War II each of plaintiffs was a chief petty officer in the Eegular Navy. During the war each was advanced to the temporary rank of lieutenant, junior grade. After the war they reverted to their permanent enlisted ratings. After having served the required time, they were retired in the highest rank they had held, to wit, lieutenant, junior grade. After retirement, each of them was employed by the United States in a civilian capacity at a salary in excess of $3,000 per annum.
Under section 212 (a) of the Economy Act of 1932 (4/7 Stat. 406’; 5 U. S. C. 59a (a)), no person retired on account of services as a commissioned officer was entitled to retired pay if such pay plus his civilian pay exceeded $3,000 per annum. In order to escape the provisions of the Economy Act, plaintiffs elected to revert to their enlisted status on the retired list, as they were permitted to do under the Act of June 19,1948 (62 Stat. 505). Section 3 of the Act is set out in the footnote below.[1] “Thereafter”, the Act provides, one who has so elected shall “be deemed to be enlisted or warrant officer personnel, as appropriate, for all purposes.” Accord *124 ingly, plaintiffs have received the pay of their civilian positions and also the retired pay to which they are entitled as enlisted men or warrant officers.
They now sue for the retired pay of their commissioned rank. Their theory is, first, that the Economy Act is not applicable to them because they were temporary officers. But, whether temporary officers or not, it is clear that they are prohibited from drawing retired pay based on their service as commissioned officers, for the Economy Act prohibits the payment of retired pay “for or on account of services as a commissioned officer.” That is what plaintiffs are asking, retired pay “on account of services as a commissioned officer,” to wit, lieutenant, junior grade.
The purpose of the Act of June 19, 1948, supra, was to permit them to retain their civilian positions and also to draw some retired pay, that is, the pay of an enlisted man. The Economy Act did not prohibit an enlisted man from drawing his retired pay and also the pay of his civilian position. Only a commissioned officer was under this prohibition. Senate Report No. 1333 thus states the purpose of the Act:
The purpose of this bill is to provide further relief for those enlisted men and noncommissioned warrant officers who were advanced to commissioned rank or grade on the retired list as a result of service during World War II and whose retired pay after such advancement became subject to the restrictions of the so-called dual compensation provisions of the Economy Act of 1932.
EXPLANATION OP THE BILL
At the beginning of World War II, many retired enlisted men and noncommissioned warrant officers were recalled to active duty and in the course of the war were given temporary commissions in accordance with the provisions of the act of July 24,1941 (55 Stat. 603).
Some of these men had been employed by the Federal Government in civil-service positions. This employment was not in conflict with the so-called dual compensation provisions of the Economy Act of 1932, since those provisions do not operate against retired enlisted pay. Under those provisions no person may draw retired pay *125 “on account of service as a commissioned officer” and a salary from the Federal Government if the combination of the two compensations exceeds $3,000. For practical purposes this means that if a retired officer otherwise eligible for employment by the Federal Government accepts a Government position with a salary of $3,000 or more, he must forego his retired pay and draw only the salary of the Government position. This provision of law is not applicable to enlisted persons or to non-commissioned warrant officers.
After World War II these men who had served as temporary officers reverted to their permanent enlisted or noncommissioned warrant status, returned to their Government positions, and resumed receipt of their retired enlisted pay.
In 1946 Congress enacted Public Law 305, 79th Congress, which, while having for its purpose the reward of these persons by allowing them to receive retired pay based on the highest rank or grade in which they served satisfactorily, had an unintended application to this group of men in that it later caused the Comptroller General to rule that retired pay based on the highest rank or grade in which they satisfactorily served was “retired pay on account of service as a commissioned officer” and thus was subject to the dual compensation statute.
s|« sf: ‡ jfc ❖
This would seem to dispose of this contention.
2. Plaintiffs next say that they are entitled to both retired pay of their commissioned rank and civilian pay by virtue of the provisions of section 4 of the Naval Eeserve Act of 1938 (52 Stat. 1175), and section 7 (a) of the Temporary Promotions Act (the Act of July 24,1941; 55 Stat. 603).
Section 4 of the Naval Eeserve Act, supra, provides in part:
Sec. 4. * * * And provided further, That no existing law shall be construed to prevent any member of the Naval Eeserve, from accepting employment in any civil branch of the public service nor from receiving the pay and allowances incident to such employment in addition to any pay and allowances to which he may be entitled under the provisions of this Act, nor as prohibiting him from practicing his civilian profession or occupation *126 before or in connection with any department of the Federal Government.
Plaintiffs say this provision of the Naval Reserve Act is carried into the Temporary Promotions Act and saves them from the effect of the Economy Act. This is incorrect. Plaintiffs are not entitled to retired pay by virtue of the Naval Reserve Act (see Broyderick, et al., v. United States, 140 C. Cls. 427), and section 7(a) of the Temporary Promotions Act only preserves to enlisted men temporarily promoted to commissioned rank the rights and privileges they had before they were promoted. This section reads, in part:
The permanent, probationary, or acting appointments of those persons temporarily appointed in accordance with the provisions of this Act shall not be vacated by reason of such temporary appointments, such persons shall not be prejudiced thereby in regard to promotion, advancement, or appointment in accordance with laws relating to the Regular Navy or Marine Corps, and their rights, benefits, privileges, and gratuities shall not be lost or abridged in any respect whatever by their acceptance of commissions or warrants hereunder: * * *.
The passage of the Act of June 19,1948, supra, permitting enlisted men temporarily promoted to commissioned rank to revert to their former enlisted status, would have been useless if these men were already exempted by the Naval Reserve Act and the Temporary Promotions Act.
This Act of June 19, 1948, was passed for the benefit of these men; they have elected to exercise the privilege granted by it; and they are bound by its terms. Under it they are “deemed to be enlisted or warrant officer personnel, as appropriate, for all purposes.”
Plaintiffs’ motion for summary judgment is denied; defendant’s motion for summary judgment is granted and plaintiffs’ petition is dismissed.
It is so ordered.
LaRAmoke, Judge; Malden, Judge, and Jones, Chief Judge, concur.

 “Enlisted men and warrant officers heretofore or hereafter advanced to commissioned rank or grade on the retired list under the said Act of July 24, 1941, as amended, shall, if application therefor is made to the Secretary of the Navy within three months from the date of approval of this Act or within three months after the date of advancement to commissioned rank or grade on the retired list, whichever is the later, and subject to the approval of the Secretary of the Navy, be restored to their former retired enlisted or warrant officer status, as the case may be, and shall thereafter be deemed to be enlisted or warrant officer personnel, as appropriate, for all purposes.”